IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSA ISELA TORRES ALMANZA, § § *Plaintiff,* § § v. § **CIVIL ACTION NO. H-09-655** § TAQUERIA EL ALTENO NO. 1, INC., § *et al.* § *Defendants.* § | |

## FINAL JUDGMENT

On the 15th day of September, 2010, the above-styled and numbered case came on for trial. Both sides appeared and announced ready for trial, and the case was tried to a jury, one having been timely requested. The jury questions and answers were as follows:

### JURY QUESTION NO. 1

Do you find from a preponderance of the evidence that the Defendants failed to pay minimum wage to the Plaintiff?

Answer "Yes" or "No".

<u>　NO　</u>

### JURY QUESTION NO. 2

If you answered "Yes" to Question No. 1, answer Question No. 2. Otherwise, do not answer Question No. 2.

What amount of damages should the Plaintiff be awarded for unpaid minimum wage for hours worked between March 4, 2007 and December 31, 2007?

<u>　　　　　　</u>

## JURY QUESTION NO. 3

Do you find from a preponderance of the evidence that the Defendants failed to pay overtime compensation to the Plaintiff?

Answer "Yes" or "No".

<u>  YES  </u>

## JURY QUESTION NO. 4

If you answered "Yes" to Question No. 3, answer Question No. 4. Otherwise, do not answer Question No. 4.

What amount of damages should the Plaintiff be awarded for unpaid overtime wages for hours worked between March 4, 2007 and December 31, 2007?

<u>  $6,418.18  </u>

## QUESTION NO. 5

If you answered "Yes" to Question No. 1, answer Question No. 5. Otherwise, do not answer Question No. 5.

Was the failure to pay minimum wage by the Defendants willful?

Answer "Yes" or "No".

<u>      </u>

## QUESTION NO. 6

If you answered "Yes" to Question No. 5, answer Question No. 6. Otherwise, do not answer Question No. 6.

What amount of damages should the Plaintiffs be awarded for unpaid minimum wage for hours worked between March 4, 2006 and March 3, 2007?

<u>      </u>

## QUESTION NO. 7

If you answered "Yes" to Question No. 3, answer Question No. 7. Otherwise, do not answer Question No. 7.

Was the failure to pay overtime pay by the Defendants willful?

Answer "Yes" or "No".

__YES__

## QUESTION NO. 8

If you answered "Yes" to Question No. 7, answer Question No. 8. Otherwise, do not answer Question No. 8, and please sign the certificate on the final page.

What amount of damages should the Plaintiffs be awarded for unpaid overtime compensation for hours worked between March 4, 2006 and March 3, 2007?

__$6,833.32__

Based on the verdict of the jury, the Court **ENTERS** the following judgment:

Judgment is **GRANTED** in favor of Plaintiff Rosa Isela Torres Almanza in the amount of $13,251.00 in unpaid wages and $13,251.00 as liquidated damages.

Plaintiff also moves for an award of attorneys' fees of $57,778.00 and costs of $6,175.00. (Instrument No. 73). The Court has analyzed the Plaintiff's motion and the Court has calculated the appropriate attorneys' fees using the lodestar aproach conceived in *Johnson v. Georgia highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (en banc). Plaintiff was the prevailing party, however, the Court finds that an adjustment to the attorneys fees is warranted based on incomplete success. Accordingly, Plaintiffs are awarded attorney's fees in the amount of $38,518.66 and costs in the amount of $6,175.00.

In the event of an appeal to the Court of Appeals, the Court awards an additional amount of $10,000, and in the event of an appeal to the Supreme Court, an additional amount of $15,000. Post-judgment interest shall accrue at a rate of 0.22% per annum from the date of the judgment until paid.

**THIS IS A FINAL JUDGMENT.**

The Clerk shall enter this Order and provide a copy to all parties.

Signed on this the ____ day of October, 2010, at Houston, Texas.

_____<br>
**VANESSA D. GILMORE**<br>
**UNITED STATES DISTRICT JUDGE**